GEORGE N. FLETCHER v. HENRY H. APLIN, AUDITOR GEN- $\begin{smallmatrix}70 & 197\\85 & 262\end{smallmatrix}$
ERAL, ET AL.

*Taxes—Assessment in* 1885.

This case is ruled by *Davenport v. Aud. Gen., ante, 192,* and the
decree dismissing complainant's bill is affirmed.

Appeal from Alcona.    (Simpson, J.)    Argued April 11
and 12, 1888.    Decided May 11, 1888.

Bill to restrain the collection of taxes for 1885.    Decree
dismissing bill affirmed.    The facts are stated in the opinion.

*Frank Emerick,* for complainant.

*Depew & Rutherford,* for defendants.

LONG, J.    The bill in this cause was filed to restrain the
collection of certain taxes assessed upon the lands of com-
plainant in the township of Alcona, in Alcona county.

The cause was heard by his honor, W. H. Simpson, judge
of said circuit court, upon the pleadings filed therein, and a
decree entered dismissing complainant's bill; and from this
decree complainant appeals to this Court.    No proofs were
taken in the cause.

The facts shown by the admissions in the pleadings are,
substantially, that the complainant, at the time this bill was
filed, was the owner in fee-simple of the lands described in
the bill; and in the spring of 1885, at the time provided by
statute, the supervisor of said township of Alcona placed said
lands upon the assessment roll of his township in the name
of said complainant, and said assessment roll was reviewed, at
the proper time, by the board of review of the township.

At the annual meeting of the board of supervisors of said

county in the year 1885, said assessment roll was approved, and it was ordered that the State, county, township, highway, and school taxes be spread upon said roll, and said taxes, to the amount of $127.80, were, by the supervisor of said township, spread upon said roll for the year 1885. The complainant did not pay these taxes, and the lands on which they were assessed were returned to the Auditor General for this non-payment.

In the year 1887, at the time provided therefor, the Auditor General advertised these lands, with other lands on which the taxes of 1885 were not paid, in said county, for sale by the county treasurer of the county of Alcona.

While this advertisement for the sale was being published, the bill in this cause was filed, and an injunction issued, by which the Auditor General and county treasurer were restrained from making said sale.

No question is raised to the proceedings, on the argument of the case here, concerning the regularity of the taxes in question; and the cause was submitted to the court below solely upon the assumption that in the year 1885 there was no law empowering the levying of any taxes in this State. Precisely the same question was raised in *Davenport v. Aud. Gen., ante*, 192. In that case, Mr. Justice MORSE, delivering the opinion of the Court, says:

"It was lawful, therefore, to assess or levy taxes for the year 1885, under the new law, upon a valid assessment or rating of property made in the spring of that year, under a valid law, which had not been repealed, but continued as a part and parcel of the new law."

The present case must be ruled by that. It follows that the decree of the court below, dismissing complainant's bill, must be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.